**FILED**

# UNITED STATES DISTRICT COURT

for the

Eastern District of California

AUG 0 9 2019

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

| | |
|---|---|
| United States of America<br>v.<br><br>Martin Alberto MACIAS and<br>Ramiro Lopez PACHECO<br><br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. 2: 1 9 - MJ 0 1 2 5 - ____ DB ___

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of     August 8, 2019     in the county of     Tehama     in the
Eastern     District of     California     , the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 21 U.S.C. § 841(a)(1) | Manufacturing at Least 100 Marijuana Plants |

This criminal complaint is based on these facts:

(see attachment)

☒ Continued on the attached sheet.

_____
*Complainant's signature*

JEREMIAH LAUDENSLAGER
United States Forest Service Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date:  8-9-19

City and state:     Sacramento, CA

_____
*Judge's signature*

Deborah Barnes, U.S. Magistrate Judge
*Printed name and title*

1

2

**AFFIDAVIT**

**AFFIDAVIT IN SUPPORT OF APPLICATION FOR CRIMINAL COMPLAINT**

3    I, Jeramiah Laudenslager, being duly sworn, hereby declare under penalty of perjury the facts

4    presented below are true and accurate to the best of my knowledge.

5

6              **I.    NATURE OF AFFIDAVIT AND AFFIANT'S CREDENTIALS**

7    1.   I make this affidavit in support of the issuance of a Criminal Complaint and Arrest Warrants for:

8    (1) Martin Alberto MACIAS; and (2) Ramiro Lopez PACHECO for manufacturing at least 100

9    marijuana plants, in violation of 21 U.S.C. § 841(a)(1).

10

11    2.   I am a Special Agent employed by the United States Forest Service (USFS). I have been a

12    Special Agent since November 2012. I am a "law enforcement officer" "of the United States" within the

13    meaning of 18 U. S. C. § 2510(7), who is empowered by law to conduct investigations of, and to initiate

14    arrests for, various offenses involving national forest lands, including Title 21 offenses outlawing the

15    manufacture of marijuana. The facts in this affidavit come from my personal observations, my training

16    and experience, information obtained from other agents and law enforcement officers, and my review of

17    documents related to this investigation. This affidavit is intended to show merely that there is sufficient

18    probable cause for the requested criminal complaint and arrest warrant and does not set forth all of my

19    knowledge about this matter.

20

21    3.   I have received seven months of full time, formalized training at the Federal Law Enforcement

22    Training Center in Brunswick, Georgia. Portions of that training included the following subjects related

23    to controlled substances offenses: drug identification, detection, smuggling, and interdiction; undercover

24    operations; money laundering techniques; the manufacture, transportation, concealment, and sales of

25    controlled substances, including marijuana; and the investigation of individuals and organizations

26    involved in such criminal activities. I have participated in numerous investigations involving controlled

27    substances. I have also conducted countless hours of surveillance, observing and recording movements

28    of persons trafficking drugs and those suspected of trafficking drugs. Additionally, I have participated

1

in and/or executed numerous search warrants authorizing the search of locations such as residences, cell phones, and vehicles related to drug traffickers and their co-conspirators. These investigations have resulted in arrests of numerous individuals, and the seizure of illicit drugs and drug-related evidence.

4. As a result of my experience, I have become familiar with the day-to-day operations and the various practices, tools, trends, paraphernalia, and related articles utilized by various drug traffickers and manufacturers in their efforts to cultivate, possess, import, conceal, and distribute controlled substances, including marijuana manufacturing.

5. During the course of these investigations, I have had the opportunity to discuss at length with other law enforcement officers and agents their investigations of suspects involved in the manufacture and transportation of marijuana. During these conversations, I have discussed the methods and practices used by criminal organizations to manufacture marijuana, evade detection, communicate between workers in the gardens and those outside the gardens, and transport marijuana, equipment, and supplies.

6. During the course of those investigations against outdoor marijuana manufacturers, I have observed that persons responsible for manufacturing large numbers of marijuana plants in remote areas on national forest land often camp in or near the garden site to allow easier access to the gardens, which are often labor intensive, to save on transportation of the workers, and also to protect the garden from possible intruders who might steal the marijuana.

7. Based on my training and experience, through discussions with experienced drug investigators and through the information I have learned through investigations, I know that most outdoor live-in marijuana manufacturing operations are generally conducted in a similar manner. Outdoor marijuana manufacturing operations involving large number of marijuana plants require: (1) substantial labor to tend to the plants; (2) outside logistical support for the labor force tending to the plants; and (3) financial support for the operation until proceeds for the processed marijuana are received.

1  8.  Outdoor marijuana manufacturing organizations start exploring and scouting potential new
2  manufacturing sites in the late winter and early spring. Additionally, during scouting excursions, these
3  organizations attempt to identify roadside drop points that can be utilized for the delivery of supplies,
4  equipment and people, which are in adjacent proximity to the operation's trailheads and/or
5  manufacturing sites. A roadside drop point is a designated location where the drivers can deliver
6  equipment, supplies and, workers for the manufacturing site. Roadside drop points are normally
7  connected by path to the marijuana grow site so workers can walk the delivered supplies to the camp
8  area and marijuana garden, on the one hand, and the marijuana from the grow site to the drop point, on
9  the other hand. It is normal to locate a distinct trail system near the roadside drop points.

## II.  STATEMENT OF PROBABLE CAUSE

9.  On August 8, 2019, law enforcement personnel (the "raid team") conducted a raid of the Bowers
Creek marijuana cultivation site. The Bowers Creek marijuana cultivation site is located on the
Mendocino National Forest in Tehama County, within the Eastern District of California. The raid team
began walking from Forest Service Route (FSR) 23N73 and down a trail which appeared to have been
covered with leafs and sticks in order to conceal the trail. After a couple hundred yards, the trail turned
into a well-worn trail which travelled down a ridge into the Bowers Creek drainage. The raid team
continued down the trail until they reached waterline stretched across the hill side and a fork in the trail.
Here, the raid team split into two teams. Team One continued down the main trail to the east and Team
Two took the fork which traveled to the north.

10.  The main trail that Team One took led to a plot of growing marijuana plants where
California Department of Fish and Wildlife (CDFW) Warden Nick Buckler observed an individual (later
identified as Martin Alberto MACIAS) dressed in camouflage pants watering the marijuana plants. As
Warden Buckler approached the individual, he announced his presence and said "police K-9." MACIAS
immediately ran.  Warden Buckler sent his K-9 who apprehended MACIAS. MACIAS was apprehended
near a live-in camp.

///

1    11.    Team One continued on a trail leading south from the live-in camp, which led them to
2 more growing marijuana plants. Warden Buckler observed an individual (later identified as Ramiro
3 López PACHECO) watering marijuana plants. As Warden Buckler approached PACHECO, he again
4 announced his presence, saying "police K-9." PACHECO immediately turned and ran. Warden Buckler
5 sent his K-9 who apprehended PACHECO.

6

7    12.    Agents eradicated a total of 906 marijuana plants at the cultivation site.  The cultivation
8 site consisted of multiple plots, all interconnected by common trails.

9

10                          **III.    CONCLUSION**

11    13.    Based on the foregoing, I believe that there is probable cause that Ramiro Lopez
12 PACHECO and Martin Alberto MACIAS manufactured at least 100 marijuana plants, in violation of 21
13 U.S.C. § 841(a)(1). Accordingly, I request that the Court issue the Criminal Complaint and Arrest
14 Warrants sought herein.

15    Respectfully submitted,

16

17

18    JERAMIAH LAUDENSLAGER
     United States Forest Service Special Agent
19

20    Approved as to form on August 9, 2019.

21

22    David Spencer
23    Assistant United States Attorney

24    Sworn and subscribed to on August 8, 2019,
25

26

27    HON. DEBORAH BARNES
28    United States Magistrate Judge

                              4